UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

MAXINE REED,

    Plaintiff,

v.

WALMART INC.,

    Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant, Walmart Inc., a foreign profit corporation, hereby gives notice of the removal of the above-styled action from the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, Case No. 20-0046820(12), to the U.S. District Court for the Southern District of Florida:

**I. BACKGROUND**

1. On or about April 22, 2020, Plaintiff commenced this action by filing the Complaint in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida. (*See* Compl., Ex. A.).

2. On or about May 8, 2020, Plaintiff served Defendant with the Complaint. (*See* Serv. Return, Ex. B.)

3. In pertinent part, the Complaint provides as follows:

    a. This action arises from a premises-liability incident that occurred in Pompano Beach, Florida. (Compl. Ex. A, ¶¶ 4–8.)

    b. Plaintiff seeks to recover for personal injuries allegedly sustained in the incident. (*Id.* ¶ 9.)

    c. Plaintiff is a Florida resident. (*Id.* ¶ 2.)

    d. Defendant is a Delaware corporation whose principal place of business is Arkansas. (*See* Fla. Div. of Corps. Docs., Ex. C.)

    e. Plaintiff seeks to recover damages "in excess of $30,000.00." (Compl., Ex. A, ¶ 1.)

    f.  The damages Plaintiff seeks to recover include, but are not limited to, her alleged past and future medical expenses. (*Id.* ¶ 9.)

  4.  On or about June 11, 2020, Defendant served its Supplemental Request for Admissions on Plaintiff. (*See* Supp. Req. for Adm., Ex. D.) The purpose of the request was to determine whether the amount in controversy exceeded $75,000.00. (*See generally id.*) On July 6, 2020, Plaintiff responded to the requests for admission, stating therein that she could neither admit nor deny whether the amount in controversy exceeded $75,000.00. (*See generally* Pl.'s Resp. to Supp. Req. for Adm., Ex. E.)

  5.  On October 7, 2020, Plaintiff served her interrogatory answers on Defendant. (*See* Pl.'s Int. Ans., Ex. F.) The interrogatory answers reference a "medical checklist." (*See id.* at 2 [unnumbered] [No. 11].) On October 16, 2020, Plaintiff provided the medical checklist to Defendant. (*See* Oct. 16, 2020 Email Corr., Ex. G.) The document indicates that the outstanding past medical expenses exceed the sum of $141,263.00:

**Medical Checklist** Maxine Reed

| Provider | Date of Service | Total Charge | | |
|---|---|---|---|---|
| City of Pompano Beach Fire Rescue | 6/20/18 | $unknown | | |
| Broward Health North | 6/20/18 | $6,244 | | |
| Spine and Orthopaedic Specialists of South Florida | 6/28/18-4/12/18 | $55,944 | | |
| Stand Up MRI of Ft. Lauderdale | 7/30/18 | $6,400 | | |
| Happy Health for Peak Performance | 8/9.18-2/14/19 | $3,855 | | |
| Central Palm Beach Surgical shoulder surgery- Dr. Katz | 1/23/19 | $48,530 | | |
| Central Palm Beach Surgical Injections | 2/28/19 | $15,430 | | |
| Anesthesia Services LLC | 1/23/19 and 2/28/19 | $4,860 | | |

On or about that same day, Plaintiff demanded $195,000.00 to resolve the subject lawsuit. (*See* Oct. 16, 2020 Email Corr., Ex. H.)

**II. JURISDICTIONAL BASIS FOR REMOVAL**

6. Federal district courts have original jurisdiction of civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332.

7. This matter is between citizens of different states. Plaintiff is from Florida, and Defendant is a Delaware corporation whose principal place of business is Arkansas.

8. Plaintiff claims that her past medical expenses currently exceed $141,263.00. Plaintiff recently demanded, moreover, $195,000.00 to settle this matter. Therefore, the amount in controversy exceeds $75,000.00. *See*, *e.g.*, *Lawrence v. Home Depot, U.S.A., Inc.*, No. 11-CIV-724-J-32, 2011 WL 6155793, at *2 (M.D. Fla. Dec. 12, 2011) (holding that the amount in controversy requirement was satisfied because the defendant "provided the [c]ourt with [the plaintiff's] response to its interrogatories in which [the plaintiff] list[ed] his medical expenses as exceeding $75,000").

**III. SATISFACTION OF PROCEDURAL REQUIREMENTS FOR REMOVAL**

**A. Timeliness**

9. In pertinent part, 28 U.S.C. § 1446, "Procedure for removal of civil actions," provides as follows:

> Except as provide in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which ir or has become removable.

* * *

> If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an "other paper" under subsection (b)(3).

28 U.S.C. §§ 1446(b)(3), (c)(3)(A).

10. The case stated by the initial pleading was not removable. The Complaint alleged that the parties were diverse, but it did not allege that the amount in controversy exceeded $75,000.00.

11. The case became removable on or about October 16, 2020, when Plaintiff served discovery responses making clear that a portion of the alleged damages relating to her claim exceed $75,000.00. Plaintiff's discovery responses are "other papers" under 28 U.S.C. § 1446(b)(3). Therefore, pursuant to subsection (b)(3), the deadline for Defendant to timely remove the action to federal court is November 15, 2020. Because Defendant has filed this Notice before the expiration of the 30-day period, the removal is timely.

**B. Venue**

12. The Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida lies geographically with the U.S. District Court for the Southern District of Florida. Therefore, the action is properly removed to this Court.

**C. Remaining Procedural Issues**

13. Copies of all process, pleadings, and orders served on Defendant have been attached. (*See* Ex. I.)

14. A copy of this Notice will be filed with the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida and served on Plaintiff's counsel.

Dated: November 6, 2020                    Respectfully submitted,

LUKS, SANTANIELLO, PETRILLO & COHEN
Attorneys for Defendant
110 SE 6TH STREET
20TH FLOOR
FORT LAUDERDALE, FL 33301
Telephone: (954) 761-9900
Facsimile: (954) 761-9940

By: */s/ Matthew R. Wendler*
DANIEL J. SANTANIELLO
Florida Bar No.: 860948
MATTHEW R. WENDLER
Florida Bar No.: 71131
LUKSFLL-Pleadings@LS-Law.com

### Certificate of Service

**We hereby certify** that on November 6, 2020 a true copy of the foregoing was served by Electronic Service via the CM/ECF system on all counsel of record on the service list below.

LUKS, SANTANIELLO, PETRILLO & COHEN
Attorneys for Defendant
110 SE 6TH STREET
20TH FLOOR
FORT LAUDERDALE, FL 33301
Telephone: (954) 761-9900
Facsimile: (954) 761-9940

By: */s/ Matthew R. Wendler*
DANIEL J. SANTANIELLO
Florida Bar No.: 860948
MATTHEW R. WENDLER
Florida Bar No.: 71131
LUKSFLL-Pleadings@LS-Law.com

**SERVICE LIST**

COUNSEL FOR PLAINTIFF
Evan R, Krakower, Esquire
EVAN R. KRAKOWER, P.A.
10061 Northwest 1st Court
Plantation, FL 33324
(954) 474-4244
EvanRKrakowerPA@yahoo.com